IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DAVID GEORGE CHANDLER, | ) | |
| | ) | Civil No. 04-1751-ST |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHARON BLACKETTER, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Respondent. | ) | |

David George Chandler
#14387170
Eastern Oregon Correctional Institution
2500 Westgate
Pendleton, OR 97801

Attorney for Petitioner

Hardy Myers
Attorney General
Lynn David Larsen
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

Attorneys for Respondent

STEWART, Magistrate Judge.

Petitioner brings this 28 U.S.C. § 2254 habeas corpus action seeking to challenge his underlying convictions for Rape in the Second Degree and Sodomy in the Second Degree. Respondent asks the court to dismiss this action on the basis that it is untimely. Petitioner has not filed a response.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

The record reveals that petitioner was convicted on January 27, 2003. Respondent's Exhibit 103. Pursuant to ORS 19.255(1),

petitioner was allowed 30 days to file a direct appeal attacking his convictions. When he did not do so, his convictions became final for purposes of direct review on February 26, 2003. Absent any tolling, petitioner had one year from this date in which to file a federal habeas corpus case.

On April 13, 2004, petitioner signed a petition for post-conviction relief which tolled AEDPA's statute of limitations. See 28 U.S.C. § 2244(d)(2); Respondent's Exhibit 115. On June 30, 2004, the Umatilla County Circuit Court summarily denied relief on the post-conviction petition. Respondent's Exhibits 107 & 108. Because petitioner did not appeal the post-conviction trial court's decision, it became final on August 9, 2004. See ORS 138.650 (allowing post-conviction petitioners 30 days to file appeal).

Between the conclusion of petitioner's direct review on February 26, 2003, and the initiation of his post-conviction proceedings on April 13, 2004, 412 untolled days accrued. An additional 83 untolled days accrued between the conclusion of his post-conviction proceedings on August 9, 2004, and the filing of this action on November 14, 2005. Because a total of 495 (412 + 83) untolled days accrued before petitioner filed the current action, this case falls outside of AEDPA's one-year limitation period and should therefore be dismissed on the basis that it is untimely.

///

**RECOMMENDATION**

For the reasons set forth above, this action should be DISMISSED with prejudice on the basis that it was not timely filed.

**SCHEDULING ORDER**

Objections to these Findings and Recommendation(s), if any, are due September 12, 2005. If no objections are filed, then the Findings and Recommendation(s) will be referred to a district court judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement.

DATED this 19th day of August, 2005.

/s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge